# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>     vs.<br>RUBEN RODRIGUEZ,<br><br>                              Defendant. | CASE NO. 14CR832-WQH<br><br>ORDER |
|---|---|

HAYES, Judge:

The matter before the Court is the motion to dismiss due to Speedy Trial Act violation (ECF No. 33) filed by Defendant Ruben Rodriguez.

## BACKGROUND FACTS

Defendant was charged by indictment on March 28, 2014 with a violation of 8 U.S.C. § 1326. Defendant requested production of all statements made by Defendant, all records of contact with law enforcement and Immigration and Naturalization Service, and all reports relating to the circumstances surrounding Defendant's statements. The Government provided the Defendant with discovery materials. Defense counsel reviewed the A-file and received copies of requested documents from the A-file.

Defense counsel, leading up to trial, conveyed to counsel for the United States that Defendant would attack the Government's proof of alienage at trial. Defendant filed no pretrial motions and trial was scheduled to commence on May 29, 2014.

On May 28, 2014, the court held a motion in limine hearing. At the motion in

limine hearing, counsel for the Government provided the defense with a copy of a letter dated March 3, 2011. (ECF No. 33-1 at 15). The letter was a Freedom of Information Act response letter from U.S. Citizenship and Immigration Services National Records Center addressed to Defendant indicating that there were no records responsive to a request Defendant had made for records regarding Jack Husen Miller. The letter had been in the A-file reviewed by counsel for Defendant and marked for copying and production to Defendant. The letter was not provided to the defense with the A-file documents due to an oversight.

At the motion in limine hearing, counsel for Defendant argued that he would seek to admit Defendant's statements to immigration officials regarding his place of birth, including a statement on August 2, 2011 that he was born in the United States. (ECF No. 33-1 at 1). In response to the Government's hearsay objection, counsel for Defendant argued that the statements were admissible not for the truth of the matter but to show that immigration officials failed to investigate his claim to United States citizenship.

Immediately after the hearing, counsel for the Government provided counsel for Defendant with two internal government reports of investigation regarding Defendant's August 2, 2011 statement that he was born in the United States. (ECF No. 33-1 at 1; ECF No. 33-1 at 8). The Government had previously produced in discovery a report regarding Defendant's removal from the United States on August 8, 2011 which indicated that Defendant's claim of United States citizenship had been denied. However, the Government had not produced any documents regarding the investigation of Defendant's claim to citizenship.

On May 29, 2014, with the jury waiting and trial ready to commence, Defendant requested a dismissal of the indictment or, in the alternative, continuance of the trial. Counsel for Defendant represented that the information produced by the Government after the motion in limine hearing changed the scope of the defense. Defendant further asserted that the discovery provided the day prior constituted a violation of the

1  Government's obligations under Rule 16 and created a violation of the Speedy Trial
2  Act. Defendant asserted that the discovery would require further investigation in order
3  to adequately prepare for trial. The Court granted the Defendant's request in order to
4  allow the defense adequate time to prepare for trial and to file a motion to dismiss the
5  indictment on the grounds of a Speedy Trial Act violation. The trial was reset to begin
6  on July 1, 2014. (ECF No. 32).

## CONTENTIONS OF THE PARTIES

8  Defendant contends that the case must be dismissed on the grounds that the trial
9  did not start within 70 days after his indictment and that the trial delay from May 29,
10 2014 to July 1, 2014 is not excludable under the Speedy Trial Act. Defendant asserts
11 that the continuance of the trial was caused by the failure of the Government to produce
12 the investigative reports concerning his claims to United States citizenship and the
13 FOIA letter reflecting his request that the Government assist him in locating citizenship
14 documents. Defendant contends that the late production forced defense counsel to
15 abandon on the day before trial his trial strategy of attacking the Government's proof
16 of alienage based upon lack of investigation. Defendant contends that the continuance
17 was required as a result of the Government's lack of diligence and is not excludable
18 under the Speedy Trial Act. Defendant contends that the case must be dismissed
19 because 70 days have passed and that the dismissal should be with prejudice under the
20 facts of this case.

21 The Government contends that it complied with its discovery obligations. The
22 Government asserts that it did not intentionally withhold documents or information that
23 it intended to use in its case-in-chief. The Government asserts that its counsel was
24 surprised at the motion in limine hearing to learn that defense counsel intended to argue
25 that the Government failed to investigate Defendant's claim to United States citizenship
26 and that the failure to investigate casts doubt on evidence regarding Defendant's
27 alienage. The Government further asserts that the documents were produced
28 immediately after learning of the theory of the defense. The Government asserts that

it did not intentionally withhold material information in an attempt to lock Defendant into a readily rebuttable defense and that the Defendant did not request any information about the investigation prior to trial.

## RULING OF THE COURT

The Speedy Trial Act requires trial to commence within 70 days after the filing of the charging document. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act specifically excludes from this 70 day period "[a]ny period of delay resulting from a continuance granted by any judge ... at the request of defendant or his counsel..., if the judge granted such continuance on the basis of his finding that the ends of justice served by taking such action outweigh the best interest of the public and defendant in a speedy trial." 18 U.S.C. § 3161 (h)(7)(A). In making this determination, the Court is required to consider "whether the failure to grant such continuance ... would deny counsel for defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

In this case, trial was scheduled to commence on May 29, 2014, well within the seventy day time period. On the morning of trial, Defendant requested that the Court dismiss the case on the grounds that the Government failed to comply with its obligations to produce discovery or grant a continuance in order for the Defendant to conduct further investigation. The Court granted the Defendant's request in order to allow the defense adequate time to prepare for trial and to file a motion to dismiss the indictment on the grounds that the Government failed to comply with its obligations to produce discovery.

Rule 16(a)(1)(E)(i) provides in part: "Upon Defendant's request, the government must permit the defendant to inspect and to copy ... documents ... within the government's possession, custody of control and: (i) the item is material to preparing the defense." In *United States v. Hernandez-Meza*, 720 F.3d 760 (9th Cir. 2013), the Court of Appeals stated:

> Materiality is a low threshold; it is satisfied so long as "the information [in the certificate] would have helped" Hernandez–Meza prepare a defense. *United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir.2013). Information is material even if it simply causes a defendant to "completely abandon" a planned defense and "take an entirely different path." *Id*.

720 F.3d at 768. *See United States v. Doe*, 705 F.3d at 1151 ("Even if the documents caused Doe to completely abandon the entrapment defense and take an entirely different path, the documents would still have been 'material to preparing the defense' under Rule 16(a)(1)(E)(i).").

In this case, the Government was aware that the Defendant would attack all elements of the alleged violation of 8 U.S.C. §1326 at trial. The prior statement of the Defendant that he was born in the United States and the Government's investigation of the statement related to the element of alienage. The information in the investigation reports was "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i).[1] The legal error by the Government concluding that the information was not subject to disclosure resulted in the continuance of the trial. The Court concludes that the period of delay resulting from a continuance from May 30, 2014 to July 1, 2014 is not excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A).

More than 70 days have passed and the Speedy Trial Act has run out, the indictment must be dismissed. 18 U.S.C. § 3162(a)(2). "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id*.

This case is a status offense and does not involve any violence or harm to person or property. The facts and circumstances leading to the dismissal involve documents material to the defense not produced by the Government. Dismissal without prejudice

---

[1] These documents do not fall within the exception to disclosure provided in Fed. R. Crim. P. 16(a)(2) for documents made by government agents "in connection with investigating or prosecuting the case."

would have a negative impact on the interests advanced by the Speedy Trial Act. The Court concludes that the factors in this case favor dismissal with prejudice.

IT IS HEREBY ORDERED that the motion to dismiss due to Speedy Trial Act violation (ECF No. 33) filed by Defendant Ruben Rodriguez is granted with prejudice. The indictment is dismissed with prejudice.

DATED: June 19, 2014

**WILLIAM Q. HAYES**
United States District Judge